JOHNSON, Judge.
On just what this matter is before this court at this time is somewhat confusing, as is the entire record in this case.
An appeal was timely taken as to an order dated September 13, 1967, directing the removal of any person who interferes with the moving of a house from certain land belonging to one of the defendants and to remove any personal property or other obstructions inside said house which belong to the defendant Sarah George, and in fact removing any parties interfering with the removal of the building from the premises. This court held on a Motion to Dismiss this appeal, that the motion was granted as to all orders attempted to be appealed, except the one of September 13, 1967, because the time for filing appeal thereof had expired. Oral argument was had on this Motion to Dismiss, and subsequent thereto, on to wit, January 4, 1968, the appellee has filed a motion and request to this court to remand said cause to the lower court, for further proceeding under Rule 1.570 R.C.P, 31 F.S.A. To this motion, the appellant has filed objections thereto and has encompassed therein further defenses to the September 13, 1967 order.
It appears from the record before us, that the appellant filed a counterclaim praying for declaratory relief. We are at a loss as- to ascertain under what rule of pleading a counterclaim is authorized in *703 this manner and at this stage of the proceedings, but the appellee seemed to agree that same was properly filed, because appel-lee filed an answer thereto instead of a motion to strike the same. Then appellee gave notice to the appellant on September 12, 1967, that appellee would call up for hearing all pending motions, said hearing to be held in Crestview on October 5, 1967. On the same day or the next day, September 13, 1967, the appellee then filed a-petition for what amounts to probably a certain writ of assistance, which was entered without notice to the appellant. It is this order which is the one remaining in the primary appeal in this case.
This court is reluctant to delve into the actions of the court from which it appears timely appeal was not taken because of lack of jurisdiction, but when the record is in the jumbled mess in which we find this one, and it is apparent upon the face of the record that the validity of the order properly appealed, depends upon preceding orders, which appear on the face of the record to be void, then, in order that full justice may be accomplished, we feel it incumbent upon this court to attempt to clear up the matter.
In the case sub judice, the appellee had set for hearing material pleadings in this cause at the date of October 5, 1967, yet the same appellee files with the trial court his motion for an order of assistance, without notice to appellant, on a date prior to the scheduled hearing date. Surely, the trial court was not made aware of this situation and of the subsequent hearing pending, or he would not have entered his order of September 13, 1967.
It further appears from the record that upon a motion to dismiss the complaint and all amended complaints, for failure to state a cause of action, the court dismissed said complaint on April 27, 1967. There does not appear any further complaint nor amended complaint after April 27, 1967 was filed and upon which the trial court could take any further action. Yet, on May 24, 1967, the trial court entered a final decree in favor of the plaintiff without a valid complaint before it; the order of May 24 was patently void for lack of any jurisdiction or any justiciable issues. It is this void May 24th order upon which the September 13, 1967 order appealed from was based, and therefore the latter order cannot stand when its only base is a void order.
It is therefore the consensus of this Court, and we so hold, that the order of September 13, 1967, should be reversed, and set aside, and this cause remanded to the lower court with directions to permit such other or further pleadings on the part of each party as may be necessary to bring the issues in this cause, if any, into proper focus for jurisdictional determination thereof.
The motion to remand for further proceedings under Rule 1.570, filed January 5, 1968, is hereby denied.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.